**In the Matter of David Anthony & Jennifer Mary WILSON, Debtors.**

**Winifred O'REILLY, Plaintiff,**

**v.**

**David Anthony WILSON, Defendant.**

**Bankruptcy No. 82–1551.**
**Adv. No. 82–800.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 21, 1983.

Robert W. Clark, Tampa, Fla., for plaintiff.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the dischargeability, vel non, of a debt admittedly owed by the Debtor, David Anthony Wilson, to Winifred O'Reilly (O'Reilly), the Plaintiff who instituted the above-styled adversary proceeding. O'Reilly seeks a determination that the debt in the amount of $12,500 owed by Wilson is non-dischargea-

8

ble because it represents a liability resulting from a fraudulent inducement by Wilson to lend him $12,500 by promising to marry her after his financial affairs were stabilized.

The Court heard argument of counsel, considered the record in its entirety and finds as follows:

In September of 1979, O'Reilly received a telephone call from a representative of an insurance company who asked her if she would like to purchase credit mortgage insurance. O'Reilly responded that she was interested and shortly thereafter the Debtor, who was a representative of the insurance company, appeared at her home to make a presentation to her about the insurance. O'Reilly bought the insurance and began to see the Debtor socially. After dating throughout September and October of 1979, the Debtor asked O'Reilly to marry him and she agreed. The Debtor told O'Reilly that he was divorced and had five children. Since O'Reilly had two children, they began looking for a new house because her house was not large enough to accommodate seven children. In connection with looking for a new home and discussing the necessary financing, O'Reilly mentioned to the Debtor that she had savings accounts at First Federal Savings and Loan Association of Tampa.

Shortly thereafter, the Debtor informed O'Reilly that he had an opportunity to invest in the insurance agency where he was employed. He told her this would secure their financial future together. On October 25, 1979, they drove to Brooksville and she obtained a check drawn on First Federal Savings and Loan Association of Brooksville payable to the Debtor in the amount of $5,000 from her account. On or about November 13, 1979, O'Reilly went to Fidelity Federal Savings and Loan Association of Tampa and obtained a check payable to the Debtor in the amount of $7,500 from her account. The Debtor cashed both checks, received the proceeds and thereafter stopped calling O'Reilly. When O'Reilly called the Debtor's office, she learned that he was married and still living with his wife. She also learned that he had not invested the money she had given him in the insurance agency. The Debtor finally informed her that he had used a large portion of the money to pay off pre-existing debts he had incurred in Utah and that he intended to remain married to his wife. Later, the Debtor repaid O'Reilly the sum of $1,526.

The claim of non-dischargeability is based on § 523(a)(2)(A) of the Bankruptcy Code which in pertinent provides as follows:

"A discharge under § 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtors or an insider's financial condition; or . . ."

■ It is well established that it is the burden of the Plaintiff to establish with the requisite degree of proof of all the operating elements of this Section which, if established, would warrant excepting the particular obligation from the overall protective provisions of the general bankruptcy discharge. In order to prevail, the Plaintiff must establish that the Defendant did in fact obtain the money by either false pretenses or false representations or by actual fraud. Although the Section does not spell out the requirement of reliance, it is well established, and is without doubt, that before the Plaintiff can prevail, the Plaintiff must also establish that it relied on the false representations; and as a result, suffered damages.

■ Applying the foregoing to the facts as established by the record in this case, there is no question that the representations made by this Defendant to the Plaintiff were materially false, that the Plaintiff in good faith believed and relied on the same and as a result, parted with funds. For this reason, it is clear that the Plaintiff did establish with the requisite degree of proof its claim of non-dischargeability.

Therefore, the Plaintiff is entitled to the relief it seeks.

Accordingly, it is the findings and conclusions of this Court that the debt owed by the Defendant to the Plaintiff in the amount of $10,974 is non-dischargeable by virtue of § 523(a)(2)(A) and, therefore, the Plaintiff is entitled to a judgment in said amount in her favor and against the Defendant and also in addition, a declaration that the obligation represented by the judgment is non-dischargeable.

A separate final judgment will be entered in accordance with the foregoing.